We'll call the case of Francis v. Atty Gen USA and I believe that the time has been split up between two advocates in this matter, two for the petitioner. Mr. DeMant, am I pronouncing your name correctly? Yes, Your Honor. You may proceed. Is time being reserved by either you or by your colleague for rebuttal? Yes, Your Honor. We are reserving five minutes for my co-counsel for rebuttal. All right. Proceed then. Thank you, Your Honor, and may it please the Court. Eric Schmidt v. Rubens Francis The Supreme Court has made clear that when determining whether Mr. Francis committed an aggravated felony, this Court must look for the minimum prosecuted conduct under state law and ask whether that conduct falls within the generic federal definition. State v. Green tells us that in New Jersey, a person can be convicted of theft when an owner of a TD helps the thief carry the TD out to the thief's car, and the government concedes that this is a minority position among states that has addressed this issue. The government instead asks this Court to only look at the facial elements of the New Jersey statute when comparing it to the federal theft definition. But the Supreme Court and this Court have held that the categorical approach requires more than merely looking at the facial elements for two reasons. Let me stop you there, Mr. Schmidt, just in terms of my effort to focus here. Would you agree that our focus here ought to be on whether or not there is a realistic probability that New Jersey applies its statute to conduct conduct that falls outside of the generic federal definition of theft offense? Yes, Your Honor. The Supreme Court has stated that the reasonable probability analysis is the proper analysis for an aggravated felony determination. The Supreme Court in Duenas-Albert says that counsel can point to a single case in which the state outlawed conduct that was outside the generic federal definition. So, is the burden on your client to establish realistic probability that New Jersey would apply its statute to conduct falling outside the generic federal definition? Your Honor, under the categorical approach, this is purely a question of law, so the burden of designatory proof doesn't play a useful role. The burden issue is a bit ambiguous here. This Court in Sybilis of the Attorney General said that the government bears the burden of establishing removability. Once they establish that burden, we have the burden to establish cancellation. Byday arguably found some removal on the alternative grounds, but the BIA hasn't addressed the CNMC's yet. The better way to look at it, I think, is that the government needs to establish that the conduct for New Jersey's theft statute is within the generic federal definition. Yes, Your Honor. So, in Duenas-Alvarez, the Supreme Court looked beyond theft and facial elements to determine whether... Before you go on, I'm so sorry. Can I ask another clarifying question just so I can understand your appeal? Yes, Your Honor. You're not conceding removability here, are you? We're just talking about eligibility for cancellation of removal, is that correct? Yes, Your Honor. So, the challenge before the Court is that Mr. Francis was convicted of an aggravated felony. The BIA hasn't addressed this challenge due to IJ's finding of the two CNMC's. Okay. All right. Thank you. Yes, Your Honor. So, in Duenas-Alvarez, the Supreme Court looked beyond theft and facial elements to determine whether the aiding and abetting provisions in California's law were consistent with INA's generic theft definition. And, most importantly, this Court in the United States degrades when performing the categorical approach for a robbery conviction, looked beyond North Carolina's elemental definition of robbery to determine whether the use of violence element included a de minimis amount of force. To make this determination, this Court looked at the state's case law, not merely the elements. Second, in Duenas-Alvarez, the Supreme Court explained that an offense is not a categorical match. If there's a reasonable probability that the state would apply a statute of conduct that falls outside the generic theft definition. And the Court went on to say that a person may point to cases in which the state courts did apply the statute in a special, non-generic manner. This Court in Salmoron held that the reasonable probability analysis only applies where the elements of the two crimes are identical. Therefore, the very purpose behind the reasonable probability analysis requires the Court to look beyond the facial elements. Looking beyond the facial elements? Yes, Your Honor. You have brought the Greene case to our attention, have you not? Yes, Your Honor. Explain to me how Greene helps you. How is it a sufficiently strong source of support, by itself, to show that New Jersey prosecutes conduct falling outside the generic definition of the theft definition? Your Honor, in Duenas-Alvarez, the Court said that Congress intended the generic theft definition to be consistent with the statutory case laws in the majority of states, just like in Greene, theft is a common law crime. And after performing the multi-state analysis, the government has conceded that New Jersey is the outlier position on this very significant issue. At least 13 jurisdictions, 12 states, and the military authorities reject State v. Greene's finding about what the without consent element means. Conversely, at most, nine, and perhaps a few six states, including New Jersey, accept State v. Greene. You're approaching, by mentioning the number of cases you have, one of my concerns about this doctrine, this test, whatever you want to call it, realistic probability. How do we go about determining whether a realistic probability has been established? Greene itself, as I recall in reading it, conceded that this is a close issue, that there is a close issue, there's respectable authority from jurisdictions on both sides. What do we do? Look for a majority view? And if so, is there a majority view out there? I mean, you've identified, I think, what, 17 different jurisdictions in your briefing? Yes, Your Honor, so 13, between our brief and the government's brief, there's at most 22 jurisdictions that have addressed this issue. So how many jurisdictions does it take to reach a majority view? Your Honor, so I think the question is that, of course, at the time of the INA's enactment, there's going to be some issues that states have not addressed. But the question should be, what is the dominant view among states that have actually addressed the issue? And the reason is because Dwayne Alvarez says the majority view of states is what Congress intended for the generic definition of common law crime, and specifically theft in that case. And the advantage of the test is that if Congress doesn't like how a court interprets the generic federal definition, Congress can fix it. Well, can I just go a little bit further? You referred to this as a test. I wonder about the language in Esquivel-Quintana that says that this multi-jurisdictional analysis can shed light on the meaning of, say, the 1101A43G, and it's only one of the tools courts can use to interpret the relevant statute. Is this multi-jurisdictional analysis more than that? Your Honor, so in Esquivel and then the Second Circuit's precedent, which the government cited, it had to do with child abuse, which wasn't a common law crime. So there's widely differing treatment between the states, which is why a non-multi-state analysis would be appropriate. But in contrast, Joannis Alvarez actually interpreted this very provision and said that Congress intended the generic theft definition to be consistent with the statutory and case laws in the majority of states. And this Court in Graves stated that a multi-jurisdictional analysis is appropriate for common law crimes. But how does that work into our analysis? We can look at them, but is it dispositive? Is it just shedding light on, as some of the language in Esquivel-Quintana says? Just how do we weigh this multi-jurisdictional analysis in this type of case? Your Honor, I think it's dispositive. And Graves is especially on point because in that case, this Court actually rejected the MPC's view and went with the majority view of states because it said that common law crimes should be interpreted based upon the majority view of states. Okay. That was a sentencing guidelines case though, right? Yes, Your Honor. But it was also a categorical approach analysis. And Joannis Alvarez and Long Crete, the Supreme Court in both those cases, said the majority view of states should be dispositive for common law crimes. Okay. If you're proposing to make the multi-state analysis a test rather than just a tool, is the test a bare majority? One state majority could be enough to tip the scale? Yes, Your Honor. A bare majority would be... In Graves, didn't he talk about a vast majority and a significant majority? In Your Honor, in Joannis Alvarez, the Supreme Court, when interpreting this very provision, said that a majority of states. It didn't say a super majority. It just said a simple majority. All right. But I think I understand that there may be some concern about what will happen if so many states' statutes are determined to not qualify as an aggravated felony. In Long Crete, the government actually put forward this very argument. The Supreme Court rejected the argument because its rulings would lead to defendants convicted of marijuana offenses and almost half of the states from receiving aggravated felony determinations. The court should interpret the INA differently. In rejecting this argument, the Supreme Court noted that escaping aggravated felony status doesn't mean escaping deportation. It only means avoiding mandatory removal. The person may still be deportable under another provision like a CIMT. The only difference is that the non-citizen may seek discretionary relief from removal, such as asylum or cancellation of removal, as long as he satisfies the other eligibility criteria. So, the Supreme Court noted, to the extent that their rejection of the government's broad understanding of the scope of aggravated felony has any practical effect on policing the nation's borders, it's a very limited one. And, of course, there are different risks of disuniformity in this area of the law. In choosing the categorical approach, the Supreme Court has held that uniformity in applicable law across the country takes precedence over uniformity of outcomes. That's because, as the Supreme Court in Moncrief noted, the categorical approach was adopted to prevent two non-citizens, each convicted of the same offense, from obtaining different aggravated felony determinations, depending on what evidence remains available or how an INJ perceived that evidence. Admittedly, there will be instances where a person could commit the same acts in different states, but only have committed an aggravated felony in one of the states. But this is both a poison and a cure of the categorical approach. By adopting the categorical approach, the Supreme Court clarifies that courts must assume that a person committed the least criminalized acts under the offense. But, as the Moncrief Court pointed out, the categorical approach promotes judicial and administrative efficiency by precluding the relitigation of past convictions and many trials conducted long after the fact. And, unlike a fact-bound approach, if Congress doesn't like how a court interpreted the generic federal definition, Congress can fix it. All right. We're a couple minutes beyond your time, Mr. Dement. To the extent that there is a suggestion that the categorical approach has advanced judicial efficiency, I think you'd find some debate out there on the subject. But that certainly is not a fault of your side in this case. Thank you. We'll have Mr. Copeland back on the podium. Mr. Tucker, are you there? Yes, I am. Thank you, Your Honor. May it please the Court, Colin Tucker for the Attorney General. The Board has been interpreting theft offense as used in the INA since it issued a matter of EZS in 2000. In the intervening two decades, the Board's definition has been the subject of numerous decisions published by the agency and courts of appeals. None have suggested any need to deconstruct the non-consent element in the manner the Petitioner encourages here. Generic theft requires a taking without consent, and a taking without consent is necessary for a conviction under the New Jersey statute. The categorical approach doesn't require more. In your brief, you argue that, I believe, you argue that the meaning of without consent is clear on its face, sufficiently clear on its face. Do you mean by that that you don't believe realistic probability ought to be a test that's applied here? I don't believe that there is a realistic probability of conduct in New Jersey being prosecuted overbroadly in this case, Your Honor. That's correct. That being said, the government had to walk a bit of a tightrope in this case because under SEC dictionary, we're precluded from relying on rationale that the Board itself didn't rely on. The Board itself didn't invoke a Duena-Valverez analysis here, so the government didn't feel comfortable doing so itself in the open brief for the first time. And that's why the government, as you may notice from the brief, pivoted fairly quickly to the possible need for remand in this case. I think it's, as I've already said, altogether possible that there is no realistic probability here, but I also think that until the Board has had the opportunity to address that issue, it's not an appropriate ground for a decision at this time. All right. Counsel, can I ask a question? You heard your adversary say the government has conceded that, I think he said, the vast majority of state jurisdictions have gone one way. I wonder if you agree with that concession. Do you, in fact, concede that? And how does the Court, or how should the Court, deal with multi-jurisdictional analysis? Is it a strict test? Is it just a tool? I'd be interested in your position on those issues. Sure, Your Honor. First of all, no, the government does not concede that New Jersey is in the minority, and I was surprised to hear it suggested otherwise. The government addressed the state survey more or less entirely in a footnote that was written only insofar as was necessary to show that the survey that the petitioners offered in their opening brief was plainly flawed. Nor does the government now concede that the modified survey is necessarily unavailable because doing so would be inconsistent with the government's position that the Board has yet to address the question and should be allowed to do so. That being said, the authority is relatively clear that a state survey is but one tool in the agency or the Court's toolbox as far as determining the generic definition goes. Others include the Model Penal Code, which the Board references routinely in the various decisions it pursues about theft defense, as well as even treatises or you could go so far as legal dictionaries. There's really no reason to restrict the Court's view to a state survey, particularly whereas here the distinction in question is so very fine. There are some states who the petitioners concede their take is ambiguous, and again within the majority of the states haven't addressed the question at all. In those circumstances to suggest that a state survey would be deposited based on the bare majority just doesn't follow. That being the case, in the event the Court issues a remand order, the government would request that the Board be given the freedom of action to look to all the traditional sources in order to address this frankly novel question. The view that a majority of the states may be taking into account certainly, but it's not the only view. That's particularly whereas here the majority view it has so little persuasive value. I'm happy to take any further questions, but otherwise I feel the government's position is set forth and brief and I'm prepared to conclude. Judge Cooper and I have no further questions. Judge Chigaris? I do not. All right. Thank you very much, Mr. Cooper. Thank you very much. Mr. Copeland, do you have a rebuttal? Yes, Your Honors. Your Honors, and may it please the Court. While we are grateful that the government concedes that there at least needs to be a remand here, we don't believe that the Court even needs to remand to the BIA for further consideration of whether Francis's theft conviction was an aggravated felony. This Court in De Silva held that remand to the BIA is only appropriate in two instances. One, where the BIA has yet to consider the issue presented in the Court, or two, when there has been a change in law or an intervening event. Neither instance is present here. First, the BIA has already ruled on the general issue before the Court, whether Francis's offense falls within the aggravated felony category. This Court, in Singh and Quinteros, made clear that where the BIA has failed to properly conduct the categorical approach and the BIA's application of the categorical approach would not be accorded deference, the Court should not remand and instead consider the question de novo. Just like in Singh, the BIA did not properly apply the modified categorical approach, but it did address whether Francis was convicted of an aggravated felony. Second, there has been no change in law or intervening events that would affect the BIA's analysis. So under this Court's precedence, a remand is inappropriate. And finally, while maybe saying that the government conceded the issue of whether Green was in the minority might have been a bit of a strong statement, we do not see the government as making any sort of substantive argument in their briefs that Green was in the minority. They cribbled with a couple of the cases, but they did not make any argument regarding whether Green is in the majority or the minority. Because Green is an intermediate of color court decision from 1979, and I guess hasn't been replicated in New Jersey, I think you would have brought it to our attention. Why do you say that that case is a sufficient basis to predict that there's a reasonable probability here? Your Honor, first, as the Supreme Court in Duranis-Alvarez noted, pointing to a single case in which the state courts applied the statute in a non-generic manner is sufficient for meeting the categorical approach's reasonable probability requirement. Second, here the government has not made a substantive argument that Green is still good law, and while the court isn't necessarily obliged to follow what New Jersey intermediate courts have said, that's only the case that they have reason to believe the Supreme Court would reject it. The hypothesis isn't enough. This court must have reason to think that this case would be overruled by the New Jersey Supreme Court, and there is no evidence of this. The government hasn't briefed in any argument regarding Supreme Court decisions, of the New Jersey Supreme Court decisions that would give evidence that the New Jersey Supreme Court would overturn this, and we don't see there being any evidence that would suggest any reason to ignore the intermediate court in this case. All right, thank you. Anything further? Actually, I have a question. Is there any type of an update as to your client's post-conviction application? Your Honor, we do not know of any updates since the most recent update that was briefed. We have been talking to his counsel, but we haven't heard any updates, no. All right, it's still pending though, right? Yes. Well, actually, we don't know 100% for sure. We just haven't heard. Okay, thank you. Do you still have some time remaining, Mr. Griffin, if you wish? Your Honor, I'm available to take more questions, but if there are no further questions, I'm closed to the argument. Very well. Thank you very much, counsel. A special thanks to our counsel who have joined us to argue on behalf of petitioners. We will take this matter under advisory.